SHANE W. CLAYTON, ESQ.
Nevada Bar No. 8783
CLINTON E. DUKE  (Admitted *pro hac vice*)
**DURHAM JONES & PINEGAR**
10785 W. Twain Ave., Suite 200
Las Vegas, Nevada 89135
Telephone: (702) 870-6060
Facsimile:  (702) 870-6090
sclayton@djplaw.com
cduke@djplaw.com
*Attorney for Plaintiff Gita Green, Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| GITA GREEN, INC., | Case No.: 2:14-cv-00715-JAD-GWF |
| Plaintiff, | |
| vs. | |
| WEPE INDUSTRY, L.L.C. | |
| Defendant. | |

### ~~[PROPOSED]~~ PROTECTIVE ORDER

This Protective Order is issued to facilitate document disclosure and production under the Local Rules of this Court and the FEDERAL RULES OF CIVIL PROCEDURE.  Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

In support of this Order, the Court finds that:

I.  Confidential Documents and Confidential Information that bear significantly on the parties' claims or defenses are likely to be disclosed or produced during the course of discovery in this litigation;

SLC_278497.1

II.    The parties to this litigation may assert that public dissemination and disclosure of Confidential Documents or Information could severely injure or damage the party disclosing or producing the Confidential Documents or Information and could place that party at a competitive disadvantage;

III.   Counsel for the party or parties receiving Confidential Documents or Information are presently without sufficient information to accept the representation(s) made by the party or parties producing Confidential Documents or Information as to the confidential and/or trade secret nature of such Confidential Documents or Information; and

IV.    To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

**IT IS THEREFORE ORDERED THAT:**

For purposes of this Order, the following definitions shall apply:

A.    "Documents" has the meaning set forth in FEDERAL RULE OF CIVIL PROCEDURE 34(a), and includes all tangible written, recorded (electronically or otherwise), or graphic material, whether produced or created by a party or another person, and whether produced pursuant to the discovery rules, by agreement, or otherwise, and includes, without limitation, documents, interrogatory answers, responses to requests for admissions, deposition transcripts and exhibits, pleadings, motions, affidavits, affirmations, and briefs, or any portion of any of the above.

B.    "Confidential Document" means any Document which contains Confidential Information and that a party to this action or the producing person marks with the legend "CONFIDENTIAL."

C.    "Confidential Information" means any trade secret or other confidential research, development or commercial information within the meaning of FEDERAL RULE OF CIVIL PROCEDURE 26(c)(7), and may be contained in Confidential Documents and/or in testimony

Page 2 of 15

**DURHAM JONES & PINEGAR**
10785 W. Twain Ave.
Suite 200
Las Vegas, NV
89135
(702) 870-6060

SLC_278497.1

1 designated as "CONFIDENTIAL," as set forth below.  All testimony that refers or relates to
2 Confidential Documents or Information, and all deposition exhibits that consist of or contain
3 Confidential Documents or Information, shall automatically be deemed to carry those
4 designations. Confidential Information further includes information disclosed orally that contains
5 trade secret or other confidential research, development or commercial information within the
6 meaning of FEDERAL RULE OF CIVIL PROCEDURE 26(c)(7), provided that, within ten days after
7 such disclosure, if the disclosing party delivers to the receiving party a written document
8 describing the information disclosed and referencing the place and date of such disclosure.
9 Confidential Information does not include any document or information that is: (i) generally
10 known to those in the industry prior to any disclosure hereunder, or (ii) generally known to those
11 in the industry without breach of this Order; or (iii) approved for release by written authorization
12 of the party who owns the information; or (iv) disclosed to the receiving party by a third party
13 lawfully possessing such document or information and under no obligation of confidentiality; or
14 (v) developed independently by the receiving party or any employees or designated agents
15 thereof independently and without any use whatsoever of information received by the receiving
16 party under this Order; (vi) advertising materials, (vii) materials that on their face show that they
17 have been published to the general public, or (viii) documents that have been submitted to any
18 governmental entity without request for or statutory entitlement to confidential treatment.  The
19 parties acknowledge that either party may analyze and reverse engineer publicly available object
20 code distributed with the parties' products without violating the provisions of this Order, so long
21 as such reverse engineering is done solely for the purpose of this litigation.
22
23
24        D.    Information designated as "CONFIDENTIAL" may be additionally designated
25 "ATTORNEYS' EYES ONLY".  The "ATTORNEYS' EYES ONLY" designation is reserved
26 for Confidential Information that constitutes proprietary financial or technical data or
27 commercially sensitive competitive information, including, but not limited to, Confidential
28

**DURHAM JONES & PINEGAR**
10785 W. Twain Ave.
Suite 200
Las Vegas, NV 89135
(702) 870-6060

Page 3 of 15
SLC_278497.1

Information obtained from a nonparty pursuant to a current Nondisclosure Agreement (NDA), Confidential Information relating to future products not yet commercially released, strategic plans, marketing information, financial information, consumer account or transaction information, and any other information the disclosure of which is likely to cause harm to the competitive position of the producing party.

E. The term "copy" as used herein means any photographic, mechanical, electronic or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

**THE FOLLOWING PROVISIONS SHALL GOVERN THE TREATMENT OF CONFIDENTIAL AND ATTORNEYS EYES ONLY DOCUMENTS AND INFORMATION:**

1. Confidential Documents and Information shall not be used or shown, disseminated, or in any way communicated to anyone for any purpose whatsoever, except as provided below.

2. Confidential Documents and Information that are designated "CONFIDENTIAL" may be disclosed only to the following persons ("Qualified Persons"):

   a. Two client representatives for each party, provided that each such representative is involved in the prosecution or defense of this action and has the need to know such information in the prosecution or defense of this action. Each party shall identify its designated representatives to the other parties before granting such access;

   b. Outside counsel of record for the parties to this action, including their paralegals, assistants, and secretaries; employees or agents of counsel, including jury and graphics consultants and copying or document scanning personnel retained by counsel, to the extent reasonably necessary to render professional

SLC_278497.1

**DURHAM JONES & PINEGAR**
10785 W. Twain Ave.
Suite 200
Las Vegas, NV 89135
(702) 870-6060

services in this action, including appeals, provided that such persons are actively engaged in the prosecution or defense of this action, *but specifically excluding* any persons that are engaged or may reasonably be expected to engage in the future in any activities pertaining to the prosecution of one or more patent applications relating to any system or method of **filter cleaning or maintenance** for any party to this action.

c.  Persons identified in a document designated as "CONFIDENTIAL" as an author or co-author of the document, or persons identified on the document as one to whom a copy of such document was sent prior to its production in this action;

d.  Witnesses where at least one of the following conditions applies:

(i)  the witness is a current employee of the designating party;

(ii)  the witness is an inventor of a patent in suit owned by the designating party and the disclosure is limited to technical documents the witness authored or received during the time when such person was an employee of the designating party;

(iii)  the witness' name appears on the Confidential Document or Information as a person who has previously seen or had access to the Confidential Document or Information, or if it is reasonably established that the witness has knowledge of information contained in the document about which the witness is being examined;

(iv)  the designating party has consented on the record of the deposition to the showing of the Confidential Document or Information to the witness; or

(v)  the party wishing to show the witness the Confidential Document or Information notifies the designating party of that desire, with a specific

**DURHAM JONES & PINEGAR**
10785 W. Twain Ave.
Suite 200
Las Vegas, NV 89135
(702) 870-6060

SLC_278497.1

listing of the Confidential Documents or Information to be so shown, and the designating party consents in writing to such showing, which consent will not be unreasonably withheld.  If, however, such consent in writing is not received within ten (10) business days of the notice, the designating party much move for an order prohibiting the proposed disclosure.

(vi)     Witnesses being shown Confidential Documents or Information under subparagraphs (d) (ii), (iii), (iv) or (v) shall not be allowed to retain copies of the Confidential Documents or Information.  However, a witness who was shown Confidential Documents or Information during a deposition may review the Confidential Documents or Information while reviewing his or her transcript, provided that any Confidential Documents or Information is not retained by the witness after he or she has completed his or her review of the transcript for accuracy;

e.     Court officials involved in this action;

f.     Court reporting personnel involved in taking or transcribing testimony in this action, provided that any such court reporting personnel agrees that all Confidential Documents and Information designated as such under this Order shall remain "confidential" and shall not be disclosed, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record;

g.     Outside consultants or experts, including their clerical support staff, retained for the purpose of assisting counsel in this action, subject to the condition that such consultant or expert, prior to any disclosure of Confidential Documents or Information thereto, be identified to the opposing party no less than ten (10)

**DURHAM JONES & PINEGAR**
10785 W. Twain Ave.
Suite 200
Las Vegas, NV 89135
(702) 870-6060

SLC_278497.1

business days prior to a proposed disclosure, with full identification of the proposed consultant or expert to whom the Confidential Documents or Information is to be disclosed, including the Curriculum Vitae of the proposed consultant or expert, a list of all publications by the proposed consultant or expert for the past ten (10) years, an identification of any previous or current relationship (personal or professional) with any of the parties, and a list identifying all lawsuits in which the proposed consultant or expert was involved in any capacity for the past four (4) years, with the proviso that, if within that ten (10) day period, an objection is stated to such disclosure, no such disclosure will be made without prior court approval.

3. Confidential Documents and Information designated "ATTORNEYS' EYES ONLY" shall be available only to persons identified under Paragraphs 2(b), (c), (d), (e), (f), and (g) above, and shall not be available to persons identified under Paragraph 2(a) above.

4. Confidential Documents and Information shall be used solely for the prosecution or defense of this action.

5. Notwithstanding the provisions of paragraphs 2 or 3 hereto, a producing party or person is free to disclose or use his, her or its own Confidential Documents or Information without restriction.

6. Before any person described in paragraph 2(a), 2(d)(v) or 2(g) is given access to Confidential Documents or Information, the individual to whom disclosure is to be made shall sign and date an undertaking substantially in the form of the attached Exhibit A. A copy of such undertaking shall be held by counsel of record for the party so disclosing the Confidential Documents or Information. The parties agree not to use the undertakings for any purpose other than monitoring and enforcing compliance with this protective order.

**DURHAM JONES & PINEGAR**
10785 W. Twain Ave.
Suite 200
Las Vegas, NV 89135
(702) 870-6060

SLC_278497.1

7. Counsel for the parties to whom Confidential Documents or Information have been furnished shall be responsible for restricting disclosure in accordance with the provisions of this Order.

8. <u>Any document or thing containing or embodying Confidential Documents or Information that is to be filed in this action shall be filed in sealed envelopes or other sealed containers which shall bear the caption of the case, shall identify the contents for docketing purposes, shall bear a statement substantially in the form:</u>

<u>CONFIDENTIAL</u>
(or CONFIDENTIAL –ATTORNEYS EYES ONLY)

<u>Filed under Protective Order.  This envelope is not be opened nor the contents thereof displayed or revealed except by order of the Court or by agreement of the parties.</u>

<u>Outside attorneys of record for the parties are hereby authorized to be persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without further order of this Court, and are the persons to whom such confidential exhibits or other confidential matters may be returned by the Clerk of the Court, if they are not so retrieved.  No material or copies thereof so filed shall be released except by order of the Court, to outside counsel of record or as otherwise provided for hereunder.</u>

9. At a deposition or within thirty (30) calendar days after receipt of the deposition transcript, counsel for any party or the deponent may designate specific testimony or transcript pages as Confidential by notice on the record at the deposition or in writing to counsel for all parties and for the deponent.  Until the expiration of the thirty day period, all of the testimony contained in the transcript volume shall be treated as Confidential unless otherwise designated by a party at the deposition.  To the extent that Confidential Documents or Information contained therein are used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition

**DURHAM JONES & PINEGAR**
10785 W. Twain Ave.
Suite 200
Las Vegas, NV 89135
(702) 870-6060

SLC_278497.1

testimony and/or trial testimony referring to the Confidential Documents or Information, without the need for further designation.

10. At any time after the delivery of Confidential Documents or Information, counsel for the party or parties receiving the Confidential Documents or Information may challenge the Confidential designation of all or any portion thereof by providing written notice thereof to counsel for the disclosing party, stating the reasons in the challenge and the proposed re-designation.

The disclosing party shall then have five (5) business days from the date of receipt of the challenge to:

(i) advise the receiving parties whether or not it persists in its designation; and

(ii) if it persists in its designation, to explain the reason for the particular designation.

If the disclosing party fails to respond within five (5) business days after receipt of the challenge, the material shall be deemed redesignated.

If the disclosing party gives notice that it persists in its designation, and the receiving party continues to challenge the designation, the receiving party shall notify the disclosing party of its continuing challenge within five (5) business days after receipt of the disclosing party's response.  The disclosing party may then move the court for a protective order or any other order to maintain the designation.  The burden of proving that the designation is proper shall be upon the disclosing party.

If the disclosing party fails to make a motion within five (5) business days of the notice of continuing challenge, the information will be re-designated to the category requested by the receiving party.

**DURHAM JONES & PINEGAR**
10785 W. Twain Ave.
Suite 200
Las Vegas, NV 89135
(702) 870-6060

Page 9 of 15

SLC_278497.1

Disclosure of information with disputed designation shall not be made until the challenge is resolved by agreement of the parties or by the process outlined herein, or ruling of the Court.

11. A designating party that inadvertently, accidentally, mistakenly or through other error fails to mark an item as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" at the time of the production, or fails to provide a written description of orally disclosed Confidential Information, shall not be deemed to have waived, in whole or in part, any claim of confidentiality, either as to the specific information disclosed or as to any other information thereto on the same or related subject matter. In the case of documents, any such mis-designated or undesignated materials shall be designated as "CONFIDENTIAL" as soon as reasonably possible after the producing party becomes aware of the failure to mark. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item, appropriately marked as Confidential material. Within five days of receipt of the substitute copies, the receiving party shall return or destroy the previously unmarked items and all copies thereof. In the case of orally disclosed information, a written description of the information must be provided, as set forth above.

12. If a party introduces Confidential Documents or Information at a public hearing without an order excluding persons not entitled to access to such documents and information, the provisions of this Protective Order shall not thereafter govern the use of such Confidential Documents or Information.

13. The party or parties receiving Confidential Documents or Information shall not under any circumstances sell, offer for sale, advertise, or publicize them.

14. After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and

SLC_278497.1

**DURHAM JONES & PINEGAR**
10785 W. Twain Ave.
Suite 200
Las Vegas, NV 89135
(702) 870-6060

recipients of the Confidential Documents and Information for enforcement of the provisions of this Order following termination of this litigation.

15. This Order shall apply to any non-party to this action who shall be called upon to make discovery or provide deposition or other testimony in connection with this action. Such non-party shall be deemed to avail itself of the provisions and protections of this Protective Order by making production consistent with it.

16. The provisions of this Order shall not terminate at the conclusion of this action. Within 30 days after the final conclusion of all aspects of this action by judgment not subject to appeal or by settlement, Confidential Documents and all copies of same, and all documents containing or referring to Confidential Information, other than trial and deposition transcripts, trial and deposition exhibits, and briefs, counsel work papers, memoranda or other documents or papers filed with the Court, and declarations executed pursuant to paragraph 7 hereto, shall either be returned to the producing party or person or destroyed, with the exception of source code documents and things, which shall be returned to the producing party. All parties or persons that received Confidential Documents shall make certification of compliance with this section and shall either deliver same to counsel for the person that produced the documents not more than 60 days after the final conclusion of this action. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

17. The inadvertent, accidental, mistaken or erroneous production of documents subject to the protection of the attorney-client privilege, work product doctrine, or other privilege shall not constitute a waiver of such privilege or protection, and does not put at issue or constitute the affirmative use of the advice of counsel or of any privileged communications. The producing party shall notify the receiving party in writing of any such inadvertent, accidental, mistaken or erroneous production as soon as reasonably possible after the producing party becomes aware of it. Upon receipt of such notice, the receiving party shall, within three (3)

**DURHAM JONES & PINEGAR**
10785 W. Twain Ave.
Suite 200
Las Vegas, NV 89135
(702) 870-6060

SLC_278497.1

business days, or sooner if that is possible, return all such documents to the producing party, along with any copies made thereof. The non-waiver protections of this provision extend to other State or Federal proceedings pursuant to Rule 502(d) of the Federal Rules of Evidence.

18. Any persons provided Confidential Information or Attorneys' Eyes Only Information pursuant to this Protective Order under paragraph 2(b) will be prohibited from any activities pertaining to the prosecution of any patent applications relating to any system or method of **filter cleaning or maintenance** for a period of one (1) year from the conclusion of this litigation and any related litigations and appeals *vis-à-vis* the affected party.

19. No party or counsel shall contact or communicate with any expert who has currently or previously consulted with or been retained by an adverse party with respect to the subject matter of the technology involved in this action without the consent of the party by whom the expert was consulted or retained.

20. If any person or entity subject to this Protective Order is subpoenaed, or otherwise legally required to produce information that another party has designated "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS EYES ONLY" under this Protective Order, the person receiving the subpoena or order shall (a) inform the producing party of the fact of the request and provide a copy of the request and (b) notify the requesting party of the existence and terms of this Protective Order. Thereafter, it shall be the burden of the producing party to file such objections, motions or other papers that may be necessary to preserve the confidentiality of the documents sought by the subpoena or court order. The person or entity receiving the subpoena or court order shall be entitled to comply with such subpoena or court order unless it is quashed or modified before the time required for compliance, and the producing party provides timely notice of the order quashing or modifying the subpoena or court order.

21. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns,

**DURHAM JONES & PINEGAR**
10785 W. Twain Ave.
Suite 200
Las Vegas, NV 89135
(702) 870-6060

SLC_278497.1

1 subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

The entry of this Protective Order shall not prevent any party from applying to the Court for relief therefrom, or from applying to the Court for additional protective orders, or from agreeing among themselves to modify or vacate this Protective Order, subject to the approval of the Court.

**DURHAM JONES & PINEGAR**
10785 W. Twain Ave.
Suite 200
Las Vegas, NV 89135
(702) 870-6060

Page 13 of 15

SLC_278497.1

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GITA GREEN, INC., | Case No.: 2:14-cv-00715-JAD-GWF |
| Plaintiff, | |
| vs. | |
| WEPE INDUSTRY, L.L.C. | |
| Defendant. | |

## UNDERTAKING CONCERNING CONFIDENTIALITY

I,._____, hereby certify that:

1. I have read the Protective Order entered in the above-captioned action and understand its terms.

2. I agree to be bound by the terms of the Protective Order. I agree to use Confidential Information provided to me pursuant to the Protective Order in this case only for purposes of this litigation.

3. I understand that my failure to abide by the terms of the Protective Order entered in the above-captioned action may subject me, without limitation, to penalties for contempt of court.

4. I submit to the jurisdiction of the court in the above-captioned action for the purpose of enforcing the terms of the Protective Order and freely and knowingly waive any right that I may otherwise have to object to the jurisdiction of said court.

Date: _____

Signature: _____

Print Name: _____

**DURHAM JONES & PINEGAR**
10785 W. Twain Ave.
Suite 200
Las Vegas, NV 89135
(702) 870-6060

Page 14 of 15

SLC_278497.1

**APPROVED AS TO FORM:**

DATED this 17th day of September, 2014.

                                  **DURHAM JONES & PINEGAR**

By: __/s/ Clinton E. Duke_____
    Shane W. Clayton, Esq.
    Nevada Bar No. 8783
    Clinton E. Duke
    10785 West Twain Ave., #200
    Las Vegas, NV 89135
    (702) 870-6060
    sclayton@djplaw.com

    Clinton E. Duke, Esq.
    (Admitted pro hac vice)
    111 East Broadway, Suite 900
    Salt Lake City, UT 84111
    (801) 415-3000
    cduke@djplaw.com
    *Attorneys for Plaintiff, Gita Green, Inc.*

**IT IS SO ORDERED:**

_/s/ George Foley, Jr._____
United States Magistrate Judge

George Foley, Jr.

Dated: __September 18, 2014_____

SLC_278497.1

Page 15 of 15