# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Gita Green, Inc., | 2:14-cv-00715-JAD-GWF |
| Plaintiff | **Order Denying Plaintiff's Motion for Temporary Restraining Order** |
| v. | |
| WePe Industry, LLC. and Pete Industries LLC, | **[ECF 70]** |
| Defendants | |

This is a patent-infringement case involving three entities that make and sell air-filter cleaners: Gita Green, Inc., WePe Industry, LLC, and Pete Industries LLC. Gita Green claims that WePe and Pete are infringing on its patented "Apparatus and Method for Cleaning Air Filters"[1] and asserts a single claim for patent infringement against each entity.

But you wouldn't know by reading Gita Green's instant motion for a temporary restraining order that this is an intellectual-property suit. In this motion, Gita Green describes a puerile encounter between its principal (Dennis Grieve) and the principal of WePe and Pete (Shawn Peterson) at the South Dakota State Fair, in which Peterson taunted Grieve with claims "that he had sold more products and that his attorneys would beat Mr. Grieve's attorneys in this pending patent infringement case."[2] Gita Green asks me to order Peterson to stay 100 feet away from Grieve and to restrain Peterson from "attempting to taunt or otherwise make verbal contact" with Grieve.[3] The motion is denied.

First, I cannot issue an injunction against Peterson personally because he is not a party to this case. Thus, I lack jurisdiction over him. Second, the relief Gita Green seeks is completely unrelated

---

[1] ECF 61 at 2.

[2] ECF 70.

[3] *Id.* at 2.

to its patent-infringement claims.  Because there is no claim tied to Gita Green's motion, Gita Green cannot—nor has it even attempted to—demonstrate a likelihood of success on the merits or make any other showing required for injunctive relief under the United States Supreme Court's decision in *Winter v. Natural Resources Defense Council, Inc.*[4]  It appears to me that what Gita Green really wants is a temporary *protection* order that may be obtained through application in the state-court system, not a temporary *restraining* order as contemplated by FRCP 65.  Regardless, Gita Green has not carried its burden.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Temporary Restraining order **[ECF 70] is DENIED.**

Dated this 19th day of October, 2015

_____
Jennifer A. Dorsey
United States District Judge

---

[4] *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (holding that a "plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence or preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.").